1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BERNARD RHODES,

11            Plaintiff,                    No.  2:  95-cv-0029 GEB JFM P

12        vs.

13   DR. M. MOSCOVICH, et al.,

14            Defendant.          FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a prisoner who proceeded *pro se* and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  In his complaint, plaintiff alleged that defendants

18   denied him necessary care for his liver condition.  On January 3, 1997, defendants' motion for

19   summary judgment was granted and judgment was entered against the plaintiff.

20          Plaintiff appealed the judgment.  On June 4, 1997, the Ninth Circuit dismissed the

21   appeal.

22          On June 27, 2012, plaintiff filed a motion for relief pursuant to Federal Rule of

23   Civil Procedure 60(b)(5).  The motion does not seek relief from the judgment entered by this

24   court on January 3, 1997.  Instead, plaintiff argues that he has paid the requisite filing fees owed

25   in this case and in other cases and seeks an order that he be paid back all of the monies collected

26   from in excess of what was owed.

Federal Rule of Civil Procedure 60(b)(5) provides that "a court may relieve a party from a final judgment when 'the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." See also United States v. Asarco, Inc., 430 F.3d 972, 979 (9th Cir. 2005).  A party seeking relief under Rule 60(b)(5) must move for that relief within a "reasonable time," which depends upon the facts of each case.  See Fed. R. Civ. P. 60(c)(1).

Plaintiff's motion should be denied.  First, plaintiff's motion does not appear to seek relief from a judgment by this court in this case.  Indeed, in his declaration, plaintiff asserts that his prison account was overcharged from filing fees related to two orders from the Ninth Circuit related to the filing fees associated with plaintiff's appeals and a different district court case.  Furthermore, the documents that plaintiff has attached to his motion indicate that a balance remains outstanding on these fees.

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

1    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for relief

2    under Federal Rule of Civil Procedure 60(b)(5) be DENIED.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5    days after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8    shall be served and filed within fourteen days after service of the objections.  The parties are

9    advised that failure to file objections within the specified time may waive the right to appeal the

10   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11   DATED: January 17, 2013.

12

13

UNITED STATES MAGISTRATE JUDGE

14

15   14

16   rhod0029.60b

17

18

19

20

21

22

23

24

25

26